# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**DANNY SWAGER,**

    **Petitioner,**

**v.**                                             **Case No. 2:15-cv-11422**

**RALPH TERRY, Acting Warden,**
**Mount Olive Correctional Complex,[1]**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted (ECF No. 18) and the petitioner's Motion for Stay and Abeyance (ECF No. 29).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

### A.    The petitioner's criminal convictions.

On August 10, 2000, the petitioner was convicted by a Nicholas County jury of one count of sexual assault in the first degree; 12 counts of sexual abuse in the first degree; five counts of sexual abuse by a parent, guardian, or custodian; and nine counts of sexual assault in the second degree. *State v. Swager*, No. 00-F-17 (Nicholas Cty. Cir. Ct.). On

---

[1] David Ballard is no longer the Warden at the Mount Olive Correctional Complex. The Clerk is directed to substitute Ralph Terry, the Acting Warden, as the respondent herein.

September 29, 2000, the petitioner was sentenced to an indeterminate term of 56 to 120 years in prison. The petitioner's motion for reconsideration was subsequently denied after a hearing. (ECF No. 18, Exs. 33-35).

### B. The petitioner's direct appeal.

On September 20, 2000, the petitioner filed a Notice of Intent to Appeal. On April 19, 2001, the petitioner, by counsel, Randall W. Galford, filed a Petition for Appeal asserting the following assignments of error:

1. The Court erred in not permitting the defendant's law enforcement expert, Sam Sampson, to express an opinion about the ultimate issue.

2. The trial Court erred in giving the jury an instruction during deliberations to convince them to reach a verdict and in stating the trial court intend [sic; intent] to require them to deliberate for three (3) days.

3. The trial court erred in not permitting the defense witness, Richard Dillon, to testify.

4. The trial court erred in refusing to permit certain incidents and evidence by defense witness to show the defendant had never engaged in "grooming" behavior testified about by the prosecution's expert.

5. The trial court erred in refusing to admit photographs of the alleged crime scene, and by refusing to admit evidence that the alleged victim's motive for alleging sexual assault was anger at the defendant over prohibiting her from writing symbols and engaging in acts considered witchcraft.

6. The trial court erred in denying the defense the opportunity to cross examine the alleged victim about using marijuana at the time of the last alleged sexual assault.

7. The trial court erred in denying the defendant's motion to suppress the results of DNA testing.

8. The trial court erred in prohibiting the defense attorney from mentioning the name "Fred Zain" in using the past reputation of the police laboratory for impeachment purposes.

9. The trial court erred in refusing to give defendant's jury instruction no. 4.

10. The trial court erred in denying the defendant's motion to suppress the items not listed on the search warrant and the serological and DNA evidence therefrom.

11. The trial court erred in sustaining the State's objection to Patricia Johnson's testimony about whether she reported her daughter was sexually abused, and John Johnson's testimony that Patricia Johnson had threatened him with falsely claiming he sexually abused his daughter.

12. The court erred in refusing to strike for cause a juror who had worked for the Department of Health and Human Services and knew the State's witness and CPS worker, Ms. Pittsenbarger, from working there with her.

13. The conviction in the case should be set aside based upon the cumulative error doctrine.

(ECF No. 18, Ex. 39 at 16-17). Upon thorough review of the Petition for Appeal, only Grounds 4, 5, 6, 7, and 8 were raised in the context of a federal constitutional right. (ECF No. 18, Ex. 39, *passim*). The remaining grounds were addressed only as claims of trial court error under state law. (*Id.*) On November 7, 2001, the SCAWV refused the petitioner's Petition for Appeal (No. 010697, ECF No. 18, Ex. 40).

### C.  The petitioner's circuit court habeas corpus proceedings.

On January 1, 2002, the petitioner filed a *pro se* Petition for a Writ of Habeas Corpus in the Circuit Court of Nicholas County. (Case No. 02-C-13).² On January 14, 2002, the petitioner filed a Petition for a Writ of Mandamus in the SCAWV, claiming "actual innocence" and "DNA fraud," and requesting appointment of counsel to file a petition for a writ of habeas corpus to address those issues. (ECF No. 18, Ex. 41).

---

² This pro se petition has not been made a part of the record before this federal court.

On May 23, 2002, the SCAWV issued a rule and directed the Circuit Court of Nicholas County to appoint counsel to assist the petitioner in having his DNA tested. (*Id.*, Ex. 42). However, the matter languished without significant action in the circuit court for several years, and several different attorneys were appointed to represent the petitioner during that time. (*Id.*, Exs. 44-47). On February 2, 2004, however, an agreed order was entered to provide the petitioner with all of the DNA testing records. (*Id.*, Ex. 48).

On April 10, 2006, the petitioner, by counsel, Gregory L. Ayers and Crystal L. Waldren, filed an Amended Petition asserting the following grounds for relief:

1. Swager was denied his right to be fully and plainly informed of the nature, character, and cause of the accusation in each count of his indictment, guaranteed by the Sixth Amendment to the United States (U.S.) Constitution and Article III, § 14 of the W. Va. Constitution, as each count failed to contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged.

2. Swager was denied his right to confront and cross-examine his accusers guaranteed by the Sixth Amendment to the U.S. Constitution and Article III, § 14 of the W. Va. Constitution, when the trial court refused to permit him to cross-examine E.S., the alleged victim, regarding (1) her smoking marijuana just prior to the alleged offense on June 30, 1999, which Swager confronted her about; (2) her conflict with Swager over her smoking marijuana; and (3) her conflict with Swager over her engaging in "witchcraft" practices, all of which gave E.S. a motive to lie about the sexual assaults to get Swager out of their home.

3. Swager was denied his due process rights to present a defense and his rights to present witnesses, guaranteed by the Fourteenth and Sixth Amendments of the U.S. Constitution and Article III, §§ 10 and 14 of the W. Va. Constitution, respectively, when the trial court refused to allow him to present testimony regarding E.S.'s motive to lie and falsely accuse him of these crimes and other evidence in his defense.

This claim incorporated claims that the trial court prohibited defense counsel from cross-examining E.S. concerning smoking marijuana and engaging in alleged witchcraft practices, as well as limiting the petitioner's testimony about the same. This claim also

4

incorporated a claim that the trial court refused to admit a defense exhibit consisting of a photograph of E.S.'s bedroom wall containing alleged "devil worship" graphics. This claim further incorporated a claim that the trial court refused to permit the testimony of Richard Dillon, E.S.'s former boyfriend, who allegedly would have testified about conflicts between the petitioner and E.S. about her ability to date. Finally, this claim incorporated a claim that the trial court refused to permit the testimony of two defense witnesses, Pamela Rapp and Alan Hughes, concerning their observations of conduct between the petitioner and E.S. to rebut the testimony of Cheryl Pittsenbarger, a CPS worker, who testified for the State about a child molester's "grooming" of his victim to secure their compliance. According to the Amended Petition, the trial court only allowed these witnesses to testify concerning whether the petitioner had a reputation for lustfulness. (ECF No. 18, Ex. 49 at 7-9).

    4.    The trial court denied Swager his due process right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution, when the court at 8:40 p.m., sua sponte summoned the jurors to the courtroom after they had deliberated for about four hours, and unnecessarily read them a "deadlock" or "Allen" instruction which, under the circumstances of this case, coerced the jury into rendering a guilty verdict on twenty-seven counts less than thirty minutes later.

    5.    Swager was denied his right to due process of law, guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article III, § 10 of the W. Va. Constitution, when the trial court in sentencing Swager punished him for exercising his right to a jury trial. The court did so by telling Swager to expect the maximum sentence if he did not plead guilty, but was found guilty, and then sentenced him to 56-120 years after being convicted by a jury. This sentence far exceeds the 15 to 45 year sentence the trial court said it would impose if he plead guilty.

(ECF No. 18, Ex. 49, *passim*). The Amended Petition also reserved raising an additional claim of ineffective assistance of counsel that the petitioner stated he was "still investigating . . . which will depend on whether he can locate the relevant witnesses and

5

obtain affidavits from them in support of this claim." The claim stated:

> Swager was denied his constitutional rights to the effective assistance of counsel when his trial counsel failed to present available witnesses to testify that E.S. had a reputation for not telling the truth.

(*Id.* at 13).

On January 18, 2007, the Circuit Court denied the Amended Petition on all grounds for relief therein, except for the claims of ineffective assistance of counsel. (ECF No. 18, Ex. 54). On February 28, 2007, the court conducted an evidentiary hearing on the ineffective assistance of counsel claims at which the petitioner's trial counsel testified concerning his investigation of an alibi defense for the petitioner and his strategic determination not to present such a defense. (ECF No. 18, Ex. 55). The petitioner's counsel also testified that he hired independent DNA experts, but decided not to call them at trial because their testimony would not have been helpful to the petitioner's case. (*Id.*) The petitioner's trial counsel also testified about being denied the ability to present evidence regarding the vicitm's alleged witchcraft practices and her prior sexual history. The petitioner's trial counsel admitted that he did not seek a Rule 404(b) hearing on the prior counts against the petitioner that had been dismissed prior to trial. (*Id.*)

A second evidentiary hearing was held on April 20, 2007 at which the petitioner presented the testimony of DNA experts and also testified himself. (ECF No. 18, Ex. 56).

On August 15, 2013, the Circuit Court denied various motions the petitioner had filed, including a motion to stay, a motion to hire an independent expert, a motion for additional hearings, a motion for a revision of the briefing schedule, a motion to continue, a motion for appointment of new counsel, and a motion to "revert" back to the beginning of the proceedings. (ECF No. 18, Ex. 57). The Circuit Court concurrently issued a Final Order denying the petitioner's Amended Petition in its entirety. (ECF No. 18, Ex. 58).

### D. The petitioner's habeas corpus appeal in the SCAWV.

On September 13, 2013, the petitioner filed a Notice of Intent to Appeal in the SCAWV. (ECF No. 18, Ex. 59). Then, on April 3, 2014, the petitioner, acting *pro se*, filed his initial Petition for Appeal, which was 126 pages in length, and contained 34 assignments of error. (ECF No. 18, Ex. 60). By Order entered on April 14, 2014, the SCAWV rejected the petitioner's initial brief because it exceeded the court's page limitation requirement. (ECF No. 18, Ex. 61). The petitioner was instructed to file a new brief of no more than 40 pages by May 16, 2014. (*Id.*)

On or about July 15, 2014, the petitioner filed a second Petition for Appeal, meeting the SCAWV's page limitation and asserting the following assignments of error:

1. The trial court erred in giving "prematurely" a deadlocked instruction to Swager's jury and in doing so gave an additional instruction of imprisonment upon the jury which coerced them into reaching a verdict on 27 counts in a matter of minutes when they could not do so in several hours.

2. The trial court unconstitutionally punished Swager for exercising his right to a jury trial all because Swager would not accept a plea admit[ting] guilt to the participation of the alleged acts against him under an Alford/Kennedy plea bargain.

3. The trial court committed "plain error" violating the petitioner's 5th, 6th and 14th Constitutional Amendment rights by forcing petitioner to testify before he could confront his accuser on issues for her motive to lie and after testifying was denied by the court to confront and examine his accuser after petitioner testified.

4. Petitioner was denied his guaranteed right to effective assistance of trial defense counsel in violation of his 6th & 14th Constitutional Amendment rights under the United States Constitution and under Article III, § 14 of the West Virginia Constitution.

5. The trial court abused its discretion violating the petitioner's 6th & 14th Amendments Rights of Constitution of the United States and Article III Section 14 of the W. Va. Constitution, when on its sua sponte motion, ruled & ordered the defense during the course of trial could not confront his accuser on "proven false statements" of sexual

>  misconduct made by the alleged victim upon the defendant to which he was indicted upon and & dismissed against him with prejudice.

(ECF No. 18, Ex. 62). The second Petition for Appeal further asserted that he also wished to raise the following assignments of error, but was unable to do so because of the court's page limitation. His petition states:

> The following grounds are un-waived and unable to [be] raised & briefed by petitioner in this appeal in compliance with W. Va. § 53-4A-1 et seq. and the Federal Anti-terrorism Effective Death Penalty Act (1996) and 28 U.S.C. § 2254, due to the new 2010 "revised" W. Va. Rules of Appellate Procedures "**reducing**" the limit of pages for filing petitioner's briefs from 50 pages to 40 pages which had made it an even more disadvantage to a petitioner, "enabling" him/her to raise and exhaust [all] of his/her "**non-frivolous**" constitutional due process violation grounds as required under the state and federal rule of habeas corpus procedures.

(*Id.* at 9). He then lists the following potential additional grounds he wanted to raise:

> A. Trial court erred in not sustaining the defense objection over the prosecutor's improper statements before the jury during the cross-examination and testimony of defendant's law enforcement expert witness who worked as a private investigator and as an investigator for the Federal agency's [sic; agencies] of the FBI and DEA.
>
> B. The trial court erred violating the defendant's 6th & 14th Constitutional Amendments rights in denying the trial defendant to call defense witnesses Richard Dillon and John Johnson to testify and impeach the testimony and credibility of the alleged victim and State's witness Patty Johnson.
>
> C. The trial court erred by not holding a final omnibus habeas corpus hearing on the petitioner's "false" serology evidence.
>
> D. The trial court erred in refusing to admit the defendant's "non-graphic" photographs taken of the alleged crime scene to impeach the testimony of the alleged victim and prove to his jury a full size bed was not in her bedroom and would not fit in her bedroom; to show one fact of the alleged victim's motive to lie; to show the jury where evidence items were lying at the alleged crime; to show what the alleged crime scene looked like during the collection of the forensics evidence, all which were critical issues at trial and to the defendant's case and defense.

  E.  The trial court erred in denying the defendant's motion to suppress the yellow fuzzy blank [sic; blanket?] and suppress the result of the DNA testing analysis result of the flat "sheet" sample # 3.

  F.  The trial court erred in prohibiting the defense attorney at trial from attacking the credibility & reputation of the West Virginia State Police Crime Laboratory for impeachment purposes, with evidence of prior investigations upon the lab and misconduct found of crime lab scientist involved in the trial defendant's case, and further ordered the defense from mentioning the name "Fred Zain" at trial.

  G.  The trial court erred in refusing to give defendant's jury instruction no. 4 on alibi.

  H.  Over the defense counsel's objection, the trial court committed "plain error" by **intentionally lying** to the jury, when it "deceitfully" instructed them that the missing counts that were dismissed with prejudice against Mr. Swager in their verdict form and indictment had nothing to do with the case before them, when in fact they were in "direct" relation and part of the [original] indictment that they were originally called upon to deliberate & decide the trial defendant's fate on sexual conduct that allegedly occurred between the defendant and the alleged victim, which was factually proven by the defense, pretrial, to be false allegations of sexual misconduct statements made by alleged victim upon the trial defendant, Mr. Swager.

(*Id.*) The body of the petition then addressed the merits of Grounds 1-5 asserted above. (*Id.* at 10-40).

On January 30, 2015, the SCAWV affirmed the Circuit Court of Nicholas County's decision denying the petitioner's habeas corpus petition. *Danny S. v. Ballard*, No. 13-0946, 2015 WL 424957 (W. Va. Jan. 30, 2015) (ECF No. 18, Ex. 66). The SCAWV addressed the following grounds for relief:

  1.  It was improper for the circuit court to give the modified *Allen* charge;

  2.  Petitioner was punished for not agreeing to a plea bargain;

  3.  Petitioner was denied effective assistance of counsel;

9

> 4. Petitioner was denied his right to cross-examine E.S. about (a) her motive to lie and (b) the dismissed counts of the indictment that were based on proven false accusations.

(*Id.*) Specifically, the Court found:

> Having reviewed (1) the circuit court's "Order Denying Writ of Habeas Corpus on All Grounds Except Ineffective Assistance of Counsel and Setting Evidentiary Hearing" entered January 18, 2007; (2) the circuit court's "Final Order Denying Writ of Habeas Corpus and Dismissing Case," entered August 15, 2013; and (3) the circuit court's "Order Denying Petitioner's Motions," entered August 15, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach copies of the circuit court's orders to this memorandum decision. For the foregoing reasons, we affirm. [Footnotes omitted]

*Id.* at *3. A Mandate issued on April 14, 2015. (ECF No. 18, Ex. 67).

### E. The instant section 2254 petition.

The petitioner filed the instant section 2254 petition, upon which this matter is proceeding, on July 22, 2015. (ECF No. 2). The petition contains the following grounds for relief:

> 1. Mr. Swager was denied due process of law to a fair trial and verdict under the Fifth and Fourteenth Amendments of the United States Constitution when the trial court on its *sua sponte* motion, and over Defense Counsel's objection, it interrupted the jury in the middle of their deliberation, and gave them a "premature & modified" "*Allen Charge*" instruction containing impermissible language of "suggestions & threats" which coerced them into reaching twenty-seven verdicts within a matter of "minutes v. hours" following the court's additional instruction.
>
> 2. The trial court erred in ordering that the trial defendant could not confront his accuser on "proven false allegations" during the course of trial and before his jury in violation of his guaranteed right under the 6th & 14th Amendments of the United States Constitution and West Virginia Constitution Article III section 14 and its Rape Shield Statute.
>
> 3. Mr. Swager in his pretrial, trial and plea bargain proceedings was denied his guaranteed right to effective assistance of trial defense counsel under the 6th & 14th Amendments of the United States

10

>  Constitution and due to counsel's deficient performances, rejected a plea bargain and received an unfair trial.
>
>  A. Trial counsel's performance in the plea bargain process was deficient.
>
>  B. Trial counsel failed to properly investigate and present alibi evidence.
>
>  C. Trial counsel failed to properly consult and retain independent forensic experts.
>
> 4. The trial court erred in not sustaining the defense objection over the prosecutor's improper statements before the jury and during the cross-examination and testimony of the defendant's law enforcement expert witness who worked as a private investigator and as an investigator for the Federal agency of the FBI.
>
> 5. The trial court unconstitutionally punished Swager for exercising his constitutional right to a jury trial all because Swager would not accept a plea admitting guilt to the participation of the alleged acts against him in the plea offer.
>
> 6. The trial court committed "plain error" violating the petitioner's 5th, 6th, and 14th Constitutional Amendment rights by "forcing" petitioner to testify against his desire to, before he could confront his accuser on issues for her motive to lie and after testifying was denied by the court to confront and examine his accuser after petitioner testified.

(ECF No. 2 at 7-32).

On July 6, 2017, the respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted, with exhibits (ECF No. 18) and a Memorandum of Law in support thereof (ECF No. 19). The respondent's motion documents contend that the petitioner did not fully raise Ground Four of his section 2254 petition in his state court proceedings and, thus, the entire section 2254 petition should be dismissed for failure to exhaust state court remedies. The motion documents further assert that, although the petitioner raised the issue addressed in Ground Four in his initial Petition for Appeal in the SCAWV, which was rejected because it exceeded the page limitation, he failed to fully

11

address that claim in his second Petition for Appeal, thus denying the SCAWV the ability to consider and rule on that claim. The respondent's motion does not challenge the exhaustion of Grounds One, Two, Three, Five or Six of the section 2254 petition. Therefore, the undersigned will treat those claims as having been exhausted.

On September 21, 2017, after being granted an extension of time to respond, the petitioner filed a Response in opposition to the respondent's Motion to Dismiss (ECF No. 28), asserting that he believed he did exhaust Ground Four through his prior state habeas corpus proceedings. Nonetheless, the petitioner also filed a Motion for Stay and Abeyance (ECF No. 29), in which he requests that the court hold his section 2254 petition in abeyance and stay this matter while he returns to the state courts to attempt to exhaust his unexhausted claim.

On September 27, 2017, the respondent filed a Response to the petitioner's Motion for Stay and Abeyance (ECF No. 30), asserting that the petitioner cannot show good cause for a stay and abeyance because he has not demonstrated that he could not have raised Ground Four in his state habeas appeal. The Response asserts only that the petitioner cannot rely on the page limitation set by the SCAWV as good cause for failing to fully address Ground Four in his habeas appeal.

On October 11, 2017, the petitioner filed a Motion for Leave to File a Sur-Reply (ECF No. 31), with his proposed sur-reply attached (ECF No. 31-1). The motion for leave has been granted by separate Order.[3] The Sur-Reply contends that the respondent has focused only on the denial of his request to exceed the page limit for his appellate brief and has ignored other valid reasons for his request for a stay and abeyance. (ECF No. 31-

---

[3] As noted in the Order granting leave, the petitioner's "Sur-Reply" is really more akin to a Reply to his Motion for Stay and Abeyance and, thus, it falls within the briefing permitted by the Local Rules of Civil Procedure.

1 at 1).

The petitioner states that he previously believed that he had exhausted Ground Four, although he now concedes that he has not. (*Id.* at 3). Additionally, he asserts that his habeas counsel refused to raise all of the claims that he wished to raise and eventually withdrew during the habeas proceedings. He further contends that the Circuit Court ordered another evidentiary hearing that was never held. (*Id.* at 1, 8). Most significantly, however, the petitioner contends that he was diagnosed with lung cancer and had to have a lung removed during the completion of his habeas appeal, which affected his ability to prepare and file a complete appellate brief. (*Id.* at 3-4). Furthermore, the petitioner reiterates that he has no time left under the AEDPA to return to the state courts and timely file a new petition if the current petition is dismissed and cites to similar cases where a stay and abeyance was granted. (*Id.* at 2-3).

The petitioner's Sur-Reply also asserts that the respondent has misconstrued the legal authority cited in his brief. (*Id.* at 4-7). The Sur-Reply then asserts, for the first time, that Ground Four has "Constitutional implications" (which he does not specify) which "should not be lost in the proceedings of this Court." (*Id.* at 10). However, he further states that he would waive Ground Four in order to not lose federal review of his petition as a whole. (*Id.*)

## APPLICABLE STATUTES AND CASE LAW

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

13

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, generally, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel,* 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

### A. Ground Four is unexhausted but also fails to state a cognizable federal constitutional claim, which should be dismissed.

The respondent asserts that Ground Four was not properly exhausted through the petitioner's state court proceedings because he did not raise it in either his direct appeal

14

or at both levels of his state habeas corpus proceedings. Concerning the state habeas appeal, the respondent's Memorandum of Law specifically asserts, "[t]o the extent that Petitioner raised ground four (4) in his initial brief that was rejected and then stated that page limitations prohibited him from raising his claim to ground four (4), Petitioner is not excused for failing to exhaust." (ECF No. 20 at 24).

The respondent further contends that, because the petition contains both exhausted and unexhausted claims, the entire petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). (*Id.* at 23). The respondent notes that the petitioner must demonstrate that he asserted identical federal constitutional claims in both the state court proceedings and in his section 2254 petition. *See Pritchess v. Davis*, 421 U.S. 484, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). (*Id.* at 23-24).

A comprehensive review of the petitioner's state court filings, as set forth in the exhibits provided by the parties herein, demonstrates that the petitioner has exhausted Grounds One, Two, Three, Five and Six of his section 2254 petition. Thus, the undersigned proposes that the presiding District Judge **FIND** that the petitioner properly exhausted his state court remedies with respect to those grounds for relief. However, the petitioner did not fully address Ground Four in his state habeas appeal. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner has not properly exhausted his state court remedies with respect to Ground Four of his section 2254 petition.

Nonetheless, what both parties fail to recognize is that Ground Four of the petitioner's section 2254 petition does not state a cognizable federal constitutional claim. The petitioner's claim for relief is couched as a claim of trial court error that does not

15

invoke any basis for the denial of a clearly established federal constitutional right. Because this claim fails to assert a cognizable claim for relief under section 2254, it is permissible for the District Court to dismiss Ground Four and allow the petitioner to proceed on the exhausted cognizable claims raised in his other grounds for relief without dismissal or a stay and abeyance.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Ground Four of the petitioner's section 2254 petition, though unexhausted, fails to state a claim upon which relief can be granted under 28 U.S.C. § 2254 and should be dismissed. Furthermore, the undersigned proposes that the presiding District Judge **FIND** that the remaining claims (Grounds One, Two, Three, Five and Six) of the petitioner's section 2254 petition are exhausted and that this court may proceed to review the merits of those claims upon further briefing by the parties.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted (ECF No. 18) and the petitioner's Motion for Stay and Abeyance (ECF No. 29) and again refer this matter to the undersigned United States Magistrate Judge for further proceedings concerning Grounds One, Two, Three, Five and Six.

> **B. Alternatively, should the presiding District Judge find that Ground Four states a cognizable claim, the section 2254 petition should be stayed to permit the petitioner to exhaust his state court remedies.**

In the alternative, however, should the presiding District Judge find that Ground Four does invoke a federal constitutional right, because such claim is unexhausted, the undersigned will address the appropriateness of a stay and abeyance.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the United States Supreme Court held that a district court has discretion to stay a petition to allow a petitioner to present his unexhausted claims to the state court in limited circumstances. The Court ruled that "stay and abeyance is only appropriate when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

The petitioner's section 2254 petition was timely filed, with approximately 267 days remaining under the one-year statute of limitations at the time the section 2254 petition was filed. However, such filing did not toll the statute of limitations as to any unexhausted claims, and the statute continued to run as to those claims until it expired on or about April 14, 2016. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (a section 2254 petition is not an "application for state post-conviction or other collateral review." Therefore, it does not toll the statute of limitations.)

Therefore, a dismissal of the petition at this juncture would render any renewed petition untimely. Moreover, as set forth in greater detail above, the petitioner has presented several reasons that establish sufficient cause for his failure to fully exhaust Ground Four of his petition. Accordingly, the undersigned proposes that the presiding District Judge **FIND**, pursuant to the holding in *Rhines v. Weber*, 544 U.S. at 277, that the petitioner's request for a stay and abeyance of these proceedings is warranted under the circumstances.

Consequently, for good cause shown, it is respectfully **RECOMMENDED**, in the alternative, that the presiding District Judge **GRANT** the petitioner's Motion for Stay and Abeyance (ECF No. 29) and **HOLD IN ABEYANCE** the petitioner's section 2254 petition, pending his exhaustion of available state court remedies concerning Ground Four. It is further respectfully **RECOMMENDED** that the presiding District Judge

17

**DENY** the respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted (ECF No. 18).

It is further respectfully **RECOMMENDED** that the presiding District Judge **DIRECT** the Clerk to transfer this matter to the inactive docket until further order of the court. It is further respectfully **RECOMMENDED** that the presiding District Judge **ORDER** the petitioner to notify the court and the respondent, within 14 days of the resolution of his state habeas proceedings, of the result thereof and his intent to proceed with this matter.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit the same to counsel of record.

January 5, 2018

Dwane L. Tinsley
United States Magistrate Judge