# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DANNY R. SWAGER,

                Petitioner,

v.                                         CIVIL ACTION NO. 2:15-cv-11422

RALPH TERRY,

                Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Unexhausted, (ECF No. 18), and Petitioner's Motion for Stay and Abeyance. (ECF No. 29.) By standing order entered on July 22, 2015, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Judge Tinsley entered his PF&R on January 5, 2018, recommending that Respondent's motion to dismiss and Petitioner's motion for stay and abeyance be denied and that the case be referred again to Judge Tinsley for further proceedings concerning Grounds One through Three, Five, and Six of Petitioner's habeas petition. (ECF No. 34 at 16.) Judge Tinsley also recommended in the alternative, should the Court find that Ground Four of the habeas petition states a cognizable claim, the Court stay Petitioner's habeas petition. (*Id.* at 16–18.) Petitioner timely filed Objections to the PF&R in which he requested that the Court adopt the alternative recommendation. (ECF No. 36.) Respondent timely filed a response to the PF&R also requesting that the Court choose the alternative recommendation. (ECF No. 35.)

1

For the reasons discussed herein, the Court **SUSTAINS** the Objections, (ECF No. 36), and **ADOPTS** the PF&R insofar as it consistent with this memorandum opinion and order. (ECF No. 34.) The Court further **DENIES** Respondent's motion to dismiss, (ECF No. 18), and **GRANTS** Petitioner's motion to stay.

## I. BACKGROUND

Petitioner was convicted in August of 2000 in Nicholas County, West Virginia, of sexual assault in the first degree; twelve counts of sexual abuse in the first degree; five counts of sexual abuse by a parent, guardian, or custodian, and nine counts of sexual assault in the second degree. *See State v. Swager*, No. 00-F-17 (Nicholas Cty. Cir. Ct. 2000). Since his conviction, Petitioner has filed a direct appeal in the Supreme Court of Appeals of West Virginia, a pro se petition for a Writ of Habeas Corpus in the Circuit Court of Nicholas County, a second Petition for appeal in the Supreme Court of Appeals of West Virginia, and the instant 28 U.S.C. § 2254 Federal Writ of Habeas Corpus ("habeas petition"). (*See* ECF No 34 at 2–13.) The PF&R sets forth a comprehensive summary of the background of Petitioner's case. Petitioner, in his Objections, concedes the accuracy of this history. (*See* ECF No. 36 at 2.) As such, the Court adopts the procedural facts as laid out in the PF&R and finds that it is unnecessary to reiterate them for this opinion. The Court will focus on the instant habeas petition ("habeas petition").

Petitioner's habeas petition contained the following six grounds for relief:

1. Mr. Swager was denied due process of law to a fair trial and verdict under the Fifth and Fourteenth Amendments of the United States Constitution when the trial court on its sua sponte motion, and over Defense Counsel's objection, it interrupted the jury in the middle of their deliberation, and gave them a "premature & modified" "Allen Charge" instruction containing impermissible language of "suggestions & threats" which coerced them into reaching twenty-seven verdicts within a matter of "minutes v. hours" following the court's additional instruction.

2

2. The trial court erred in ordering that the trial defendant could not confront his accuser on "proven false allegations" during the course of trial and before his jury in violation of his guaranteed right under the Sixth and Fourteenth Amendments of the United States Constitution and West Virginia Constitution Article III, § 14 and its Rape Shield Statute.
3. Mr. Swager in his pretrial, trial, and plea bargain proceedings was denied his guaranteed right to effective assistance of trial defense counsel under the Sixth and Fourteenth Amendments of the United States Constitution and due to counsel's deficient performances, rejected a plea bargain and received an unfair trial.
4. The trial court erred in not sustaining the defense objection over the prosecutor's improper statements before the jury and during the cross-examination and testimony of the defendant's law enforcement expert witness who worked as a private investigator and as an investigator for the Federal agency of the FBI.
5. The trial court unconstitutionally punished Swager for exercising his constitutional right to a jury trial all because Swager would not accept a plea admitting guilt to the participation of the alleged acts against him in the plea offer.
6. The trial court committed "plain error" violating the petitioner's Fifth, Sixth, and Fourteenth Constitutional Amendment rights by "forcing" petitioner to testify against his desire to, before he could confront his accuser on issues for her motive to lie and after testifying was denied by the court to confront and examine his accuser after petitioner testified.

(ECF No. 2 at 7–32.)

Respondent filed a motion to dismiss the petition. (ECF No. 18.) In his motion, Respondent argues that Petitioner did not fully exhaust Ground Four of his petition as required by 28 U.S.C. § 2254. (*See* ECF No. 20 at 23–24.) Respondent, however, does not argue that the other grounds in the petition are unexhausted. Therefore, Judge Tinsley treated the Grounds One through Three, Five, and Six as being exhausted. (ECF No. 24 at 12.)

Petitioner responded to the motion to dismiss stating that he believes he did exhaust Ground Four in his prior state habeas corpus proceedings. (*See* ECF No. 28 at 3.) Nevertheless, Petitioner also filed a motion for stay and abeyance requesting that the Court stay the instant action so that Petitioner can return to state court to exhaust Ground Four. (ECF No. 29.) Petitioner then

filed a sur-reply to the motion conceding that he did not exhaust Ground Four of his petition and again requested the Court stay the case to allow him time to exhaust this ground. (*See* ECF No. 31-1 at 3.)

After reviewing Respondent's motion to dismiss and Petitioner's direct appeals and state habeas proceedings, Judge Tinsley found that Ground Four of Petitioner's habeas petition was unexhausted and failed to state a cognizable federal constitutional claim. (*See* ECF No. 34 at 14–16.) Judge Tinsley recommended that Ground Four be dismissed and that Petitioner be allowed to proceed on his exhausted claims. (*Id.* at 16.) Judge Tinsley recommended, in the alternative, that, should the undersigned find that Ground Four does state a cognizable claim, Petitioner's motion for a stay should be granted to permit Petitioner to exhaust his remedies concerning Ground Four. (*See id.* at 17–18.)

Petitioner's Objections primarily challenge the PF&R's finding that Ground Four fails to state a cognizable federal constitutional claim. (ECF No. 36 at ¶¶ 4–10.) Specifically, Petitioner asserts that the Prosecutor's alleged improper remarks to the jury violated Petitioner's due process right to a fair trial and impartial jury under the Fifth, Sixth, and Fourteenth Amendments. (*Id.* at ¶ 7.)

## II.  STANDARD OF REVIEW

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver

4

of de novo review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III. DISCUSSION

In reviewing a habeas petition, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)).

Ground Four of Petitioner's habeas petition states the following:

> The Trial Court erred in not sustaining the Defense Objection over the Prosecutor's improper statements before the jury and during the cross-examination and testimony of the defendant[']s law enforcement expert witness who worked as a private investigator and as an investigator for the Federal agency of the FBI.

(ECF No. 2 at 21.) Petitioner specifically alleges that, during cross-examination, the Prosecutor made comments about a movie the Prosecutor had watched of man picking up a female hitch-hiker and raping her. (*Id.* at 22.) Petitioner contends that this statement had nothing to do with the case on trial and was said in order to insinuate to the jury that Petitioner was just as monstrous as the man in the movie. (*Id.*) Petitioner's counsel objected to the statements, but the trial judge sustained the objection without giving a limiting instruction to the jury. (*Id.*)

In his Response to the PF&R, Petitioner argues that the Prosecutor's statement violated his Fifth, Sixth, and Fourteenth Amendment right to a fair trial and impartial jury. (ECF No. 36 at 7.) However, in his petition, Petitioner does not couch this claim as a violation of his federal

constitutional rights. (*See* ECF No. 2 at 21.) Therefore, Judge Tinsley found that Ground Four did not constitute a cognizable habeas ground for relief. (ECF No. 34 at 15–16.)

Although Petitioner's claim against the Prosecutor appears to be a claim of trial court error, it could also be construed as a claim that Petitioner's federal due process rights were violated. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (stating that a prosecutor's comments, if egregious enough, can constituent a denial of due process); *Quinones v. Rubenstein*, No. 5:06–cv–00072, 2009 WL 899428, at *5 (S.D. W. Va. Mar. 26, 2009) (listing petitioner's claim that the prosecutor made prejudicial statements to the jury as a ground for relief under the Fifth and Fourteenth Amendment (quoting attached PF&R)). If Petitioner is arguing that the Prosecutor's statements were so egregious that they inflamed the jury and caused him to procedurally suffer an unfair trial, that argument can be interpreted as asserting a due process violation. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Accordingly, this Court **FINDS** that Ground Four states a cognizable ground for habeas relief.

As stated above, Judge Tinsley found, and Petitioner concedes, that Ground Four was not exhausted in state court proceedings before the filing of this habeas petition. (ECF No. 34 at 16–17.¶) The statute of limitations has run on Petitioner's unexhausted claims. *(See id.* at 17.) Judge Tinsley found that "[P]etitioner has presented several reasons that establish sufficient cause for his failure to fully exhaust Ground Four of his petition" and, pursuant to *Rhines v. Weber*, which allows a district court to stay a petition to allow the presentation of unexhausted claims in state court, recommended that the Court grant Petitioner's motion to stay and hold the habeas petition in abeyance to allow Petitioner to exhaust his state court remedies concerning Ground

Four. *See* 544 U.S. 369, 277 (2005). (*See also id.* at 17.) Petitioner does not object to this recommendation and Respondent stated that he also preferred the petition be stayed in fairness to Petitioner. (*See* ECF No. 36 at ¶¶ 11–15; ECF No. 35 at 1.) Accordingly, the Court **GRANTS** Petitioner's motion for a stay and abeyance and holds in abeyance Petitioner's habeas petition to allow Petitioner to exhaust his state court remedies with regard to Ground Four.

## IV. CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the PF&R insofar as it is consistent with this Memorandum Opinion and Order, (ECF No. 34.), and **DENIES** Respondent's motion to dismiss. (ECF No. 18.) The Court further **GRANTS** Petitioner's motion for a stay and abeyance, (ECF No. 29), **ORDERS THIS CASE STAYED**, and **HOLDS IN ABEYANCE** Petitioner's habeas petition pending his exhaustion of available state court remedies concerning Ground Four. The Court **ORDERS** Petitioner to notify the Court and the Respondent, within 14 days of the resolution of his state habeas proceedings, of the result thereof and his intent to proceed with this matter. The Court **DIRECTS** the Clerk to **REMOVE** this matter from the active docket until further order of the Court.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 20, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE